**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

CAMERON A. MOORE,

      Debtor.

———————————

MICHELANGELO DELFINO;
MARY E. DAY,

      Plaintiffs-Appellees,

v.

CAMERON A. MOORE,

      Defendant-Appellant.

No. 09-1087
(D.C. No. 1:08-CV-00868-MSK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Cameron A. Moore, defendant in this adversary proceeding, appeals the

district court's judgment affirming the bankruptcy court's grant of summary

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment to plaintiffs, Michelangelo Delfino and Mary E. Day.[1]  Because Mr. Moore was found liable to plaintiffs in a California state civil proceeding for intentional infliction of emotional distress, the bankruptcy court held that Mr. Moore was collaterally estopped from relitigating whether his debt to plaintiffs was the result of a willful and malicious injury and thus non-dischargeable under 11 U.S.C. § 523(a)(6).  The district court, in a thorough and well-reasoned oral ruling, affirmed.  Mr. Moore appeals, arguing the district court erred because it "ignored disputed issues of material fact" and applied collateral estoppel to what he characterizes as the California state court's "default judgment," that "was not based on express findings[.]"  Aplt. Opening Br. at 2.

Our jurisdiction arises under 28 U.S.C. §§ 158(d) and 1291.  "We review the grant of summary judgment de novo and apply the same legal standards as those applied by the bankruptcy and district courts, i.e., those set forth in Fed. R. Civ. P. 56(c)."  *Hollytex Carpet Mills, Inc. v. Okla. Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516, 1518 (10th Cir. 1996).

The bankruptcy and district courts provided detailed summaries of the facts and procedural history involved in this case, and we need not restate either here. Having reviewed the briefs and appendix in light of applicable law and appellate

---

[1]     Plaintiffs' counsel filed a suggestion of death with this court advising that Mr. Delfino passed away on March 23, 2009.  Since then, counsel notified the court that an estate has been opened, but that a personal representative has not yet been appointed.

standards, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set out in the district court's oral ruling of January 28, 2009, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge